UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

TRUSTEES OF THE AGMA RETIREMENT     :
PLAN,     :

           : 

          Plaintiffs,     :

           :          **COMPLAINT**

     -against-     :

           :

NEW YORK CITY OPERA, INC.,     :

           :

          Defendant.     :

---------------------------------------------------------------X

Plaintiffs, the Trustees of the AGMA Retirement Plan (the "Plan"), by and through their counsel, Spivak Lipton LLP, bring this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to collect delinquent employee benefit fund contributions owed by Defendant, New York City Opera ("NYCO" or "Employer").  Complaining of Defendant, Plaintiffs respectfully allege as follows:

## JURISDICTION

1.      This Court has jurisdiction over this action against the Defendant under Sections 502(a)(3), 502(e)(1), and 502(f) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f).

## VENUE

2.      Venue lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

3.      At all relevant times Plaintiffs have administered and now administer the Plan.

4.      The AGMA Retirement Plan was established by Agreement and Declaration of Trust Establishing the AGMA Retirement Plan (the "Declaration of Trust"), which has been amended from time to time.

5.      The Plan is an "employee benefit" plan established under Section 302(c)(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The principal place where the Plan is administered is 1430 Broadway, Suite 1203, New York, NY 10018.

6.      Upon information and belief, Defendant NYCO is a corporation organized and existing under the laws of the State of New York with its principal place of business at 152 West 57th Street, 25th Floor, New York, NY 10019.  It is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12), and 1003(a)(1), and Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

FACTS

7.      Defendant Employer has at all relevant times been party to a Collective Bargaining Agreement ("CBA") with the Union requiring the Employer to make contributions to the Plan at a rate of 9% of the gross earnings of the Employer's employees who are covered by the CBA.  In the CBA, the Employer stated that it has executed or will execute the Declaration of Trust, and agreed to be bound by the rules and regulations established by Plaintiffs.  Additionally, the Declaration of Trust provides that by complying with a CBA requiring contributions to the Plan, an employer shall be deemed to have reviewed and agreed to the Declaration of Trust.

8.      The Declaration of Trust requires all employers to submit remittance reports

together with contributions to the Plan.

9.      Plaintiffs have established a policy and procedures for the collection of Plan contributions, which require employers to pay interest on past due contributions at the Plan's commercial bank's prime lending rate plus 2 percent (the "Plan Interest Rate").

10.     Upon information and belief, employees worked for the Employer on several theatrical productions covered by the CBA in 2017 and 2018.

11.     In June 2018, the Employer submitted a remittance report detailing its calculation of contributions owed under the CBA for productions in 2017 (the "2017 Productions").  The June 2018 Remittance Report stated that the Employer owed a total of $31,007.75 for six (6) 2017 Productions.  On or around February 20, 2018, Defendant made one payment in the amount of $10,000 for the 2017 Productions, but has made no additional payments for the 2017 Productions to date.

12.     The June 2018 Remittance Report also listed five (5) theatrical productions covered by the CBA in the year 2018 (the "2018 Productions").  The Report did not, however, provide supporting payroll information for the productions and only provided estimates of contributions due for these productions. To date, the Employer has made no contributions owed for the 2018 Productions, and has not submitted detailed remittance reports setting forth its calculation of the amounts owed for those Productions.

13.     By email dated October 13, 2017, the Plan notified NYCO that the Plan had not received contributions required under the CBA for certain of the 2017 Productions.  By letter to NYCO dated December 19, 2017, the Plan demanded payment of delinquent contributions for certain of the 2017 Productions, plus interest; requested that NYCO provide detailed information concerning the participants, wages, and work for which such contributions were owed; and advised

NYCO that absent payment in full by January 3, 2018, the matter would be referred to Plan counsel.

14.     By letter to NYCO dated January 16, 2018, Plan counsel demanded that NYCO make payment of all outstanding contributions owed to the Plan, plus interest; demanded that NYCO provide documentation to support the hours of covered employment; and advised NYCO that absent payment in full by January 30, 2018, the Plan would take such legal action as it deemed appropriate, up to and including the filing of a collection action in federal court.  By letter dated February 8, 2018, Plan counsel again demanded that NYCO make payment of all delinquent contributions, and advised that absent such payment in full by February 16, 2018, the Plan would file suit to collect the delinquencies in federal court without further notice.  By letter to NYCO dated May 30, 2018, Plan counsel advised NYCO that if the Plan did not receive all contributions due, plus interest in an estimated amount and remittance reports, by June 7, 2018, the Plan would file suit to collect all delinquencies without further notice.  The letters to NYCO from Plan counsel described above also advised that in the event of a judgment in the Plan's favor for such delinquent contributions, NYCO would be required to pay interest, attorneys' fees, costs, and liquidated damages, in addition to the contributions owed.

15.     To date, the Employer has failed to make any contributions owed to the Plan under the CBA beyond the $10,000 payment made on or around February 20, 2018, as described above, and has failed to provide remittance reports containing adequate information on all the productions for which contributions are owed.

16.     Defendant's failure to satisfy its obligations to make required payments and provide remittance reports violates the CBA, the Declaration of Trust, and ERISA.  Plaintiffs seek enforcement of these obligations pursuant to ERISA Section 502(a)(3)(b)(ii), 29 U.S.C. § 1132(a)(3)(b)(ii).

17.     As a result of the above-described omissions, breaches, and violations by

Defendant, Plaintiffs may be required either to (a) deny employee beneficiaries for whom

contributions have not been made the benefits of the Plan, thereby causing to such employee

beneficiaries substantial and irreparable harm, or (b) provide to employees of Defendant the

benefits offered under the Plan, notwithstanding Defendant's failure to make the required

contributions, thereby reducing the corpus of the Plan's funds and endangering the rights of the

employee beneficiaries thereunder on whose behalf full contributions have been made, all to their

substantial and irreparable injury.

18.     Plaintiffs, on their behalf, and on behalf of all employees for whose benefit the Plan

was established, have requested Defendant to perform its obligations, but Defendant has refused

and failed to perform as herein alleged.

19.     Plaintiffs are without an adequate remedy at law and will suffer immediate,

continuing and irreparable injury and damage unless the Defendant is ordered to specifically

perform its obligations required under the CBA, the Declaration of Trust, the other rules and

regulations established by the Trustees, and ERISA, and is restrained from continuing to refuse to

perform as thereunder required.


## STATEMENT OF CLAIM

20.     Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 19

inclusive.

21.     As set forth herein, Defendants are liable to Plaintiffs under ERISA Section 515, 29

U.S.C. § 1145, for delinquent benefit fund contributions regarding NYCO's employees and related

amounts as follows:

    (a)      An estimated $21,007.75 in unpaid contributions for the 2017 Productions;

    (b)      Contributions owed for all covered employment in 2018 to date, and such other contributions as may have become due but remain unpaid as of the date of judgment;

    (c)      Interest due on all unpaid contributions at Plan Interest Rate through the date of judgment;

    (d)      Liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

    (e)      Attorneys' fees; and

    (f)      Costs of this action.

22.     As set forth herein, Defendant has failed to provide Plaintiffs with remittance reports with respect to all of the contributions owed as required.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request entry of a Judgment against Defendant and in favor of Plaintiffs

    (a)      for unpaid contributions to the Plan as of the date of judgment pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (b)      for interest on said unpaid contributions to the Plan pursuant to 29 U.S.C. § 1132(g)(2)(B);

    (c)      for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D) and incurred in the enforcement and collection of a judgment in this action;

(e) ordering Defendant to produce such remittance reports and payroll records as will verify the amount of contributions owed;

(f) ordering Defendant to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees;

(g) that this Court retain jurisdiction to enforce the Defendant's continuing obligations under the applicable provisions of the CBA and the Declaration of Trust; and

(h) for such other and further relief as the Court may deem just and proper.


Dated: New York, New York
   July 13, 2018


SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York  10019
Tel:  (212) 765-2100
Fax:  (212) 765-8954

Attorneys for the Plaintiffs


By:_____/s/_____
   Denis P. Duffey Jr. (DD 9812)
   dduffey@spivaklipton.com